UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL DE'ANDRE JOHNSON,   )
                            )
         Plaintiff,         )
                            )
    v.                      )    16-CV-4091
                            )
MARK N. WILLIAMS, *et al.*, )
                            )
         Defendants.        )

### MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se*, and currently incarcerated in the East Moline Correctional Center ("E.M.C.C."), was granted leave to proceed *in forma pauperis*. The plaintiff's original complaint was dismissed, with leave to file an amended complaint. The plaintiff filed his motion to file amended complaint on June 27, 2016, which the court grants. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the amended complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the amended complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming Dr. Rankin was deliberately indifferent to his serious medical condition while at E.M.C.C.. The plaintiff says he had eye swelling and pain caused by an orbital mass condition, but each time he saw Dr. Rankin, the doctor refused to provide anything for pain and misdiagnosed his condition for five months.

While misdiagnosis itself may not be a constitutional violation, the plaintiff says the doctor refused to consider or treat his pain, and he has lost vision in his eye. *See Maus v. Murphy*, 29 Fed. Appx. 365, 369 (7th Cir. 2002)("misdiagnosis by itself does not amount to the kind of deliberate indifference prohibited by the Eighth Amendment."); *Williams v. Guzman*, 346 Fed. Appx. 102, 106 (7th Cir. 2009)("misdiagnosis is insufficient to satisfy the subjective component of the a deliberate indifference claim…"); *Gutierrez*

*v. Peters*, 111 F.3d 1364, 137 (7th Cir. 1997)("[m]edical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim. The case will proceed on plaintiff's claim of deliberate indifference to a serious medical need against Dr. William Rankin.

The E.M.C.C. Officials, Medical Director or Health Care Provider will be dismissed as plaintiff does not allege an official capacity claim against them, but merely restates his same claim against Dr. Rankin.

The plaintiff states Grievance Officer Mark Williams and Warden Christine Brannon failed to properly investigate his grievance and/or denying his grievance. Documents show that the grievance was referred to the medical department, which noted that plaintiff had been seen repeatedly for his complaints and that Dr. Rankin had provided warm compresses, eye drops and ordered x-rays so nonmedical staff properly relied on medical staff and had no reason to question the care provided. (Doc. 9, p.3) The Seventh Circuit has "previously stated that if a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005); *see also Arnestt v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011); *see also Young v. Wexford Health Services*, 2012 WL 621358 at *4 (N.D. Ill. Feb. 14, 2012)(Defendants' failure to rule favorably on a prison grievance is not actionable under § 1983).

The plaintiff alleges two different eye surgeons from Eye Surgeon Associates, in March and April of 2016, failed to diagnosis and treat plaintiff's medical needs. (Compl., pgs. 6) "[A] defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *Johnson v. Pala*, 2012 WL 3020533 (S.D. Ill. July 24, 2012); *see Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Eye Surgeon Associates will be dismissed.

The Illinois Department of Corrections will also be dismissed as it is not a proper defendant under § 1983 because they are not a "person" as that term is used in the statute. *Wright v. Porter County*, 2013 WL 1176199, *2 (N.D. Inc. Mar. 19, 2013)("Wright also sues the jail itself, but this is a building, not a "person" or even a policy-making body that can be sued for constitutional violations.")

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifferent to a serious medical need against defendant Dr. William Rankin. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed

before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate the Illinois Department of Corrections, East Moline Correctional Center Officials, Mark N. Williams, Christine Brannon, Eye Surgeon Associates, E.M.C.C. Medical Director and E.M.C.C. Health Care Provider as defendants.

12. The clerk is directed to attempt service on defendant Rankin pursuant to the standard procedures.

13. The plaintiff's motion for leave to file amended complaint (#7) is granted.

Entered this 12th day of August, 2016.

s/ Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE